## J. C. STONE v. RICHMOND & TATE's CREEK TURNPIKE ROAD CO.

**Objections to Evidence.**

> The evidence introduced on the trial was not objected to, and therefore no question as to its admission in the court below can be raised or considered in this court for the first time.

**Statutes of Fraud — Mutual Promises.**

> Mutual promises do not have to be in writing in order to make them obligatory on the parties.

**Same.**

> In order to uphold a mutual promise it is not necessary that a consideration shall pass from the promisee to a promisor; it is sufficient if the promisee parts with property or suffers some loss or prejudice.

APPEAL FROM MADISON CIRCUIT COURT.

June 16, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The evidence introduced on the trial in the court below was not objected to by appellees, was not objected to by appellant, and no question as to the propriety of its admission in that court can be raised or considered in this court for the first time.

Appellant asked three instructions, two of which were given, and the third refused. Whether that was properly refused will be the first question disposed of.

Two propositions of law are embraced in the rejected instructions. That the promise to subscribe $1,000, if Walker would

give the same amount, was not binding on appellant unless made in *writing,* or second, made to some duly authorized agent of the turnpike road.

The promise is not of that class which in order to make it .obligatory on the promisor is, by any of the provisions of the statute against frauds, required to be in *writing. See section 1, chapter 22, 1 Rev. Stat. 264, 265.* Nor was it necessary that it should have been made to an agent of the Turnpike Road Company, if when the offer to subscribe the stock by appellant upon the condition stated in the instruction, Walker on his part make the subscription and afterward paid it, and when the terms were communicated to the Turnpike Road Company, whether by an agent or not, and the company accepted the terms, appellant's liability became thereby fixed, and the instruction in the form as asked should not have been given.

The only plausible objection which we perceive to the instruction given to the jury on motion of appellees relates to the agreement of appellant to increase his subscription to the capital stock of said Turnpike Road Company if C. J. Walker would increase his. Which we will proceed now to notice.

In order to uphold a promise it is not necessary that a consideration should pass from the promisee to the promisor; it is sufficient if the promisee part with his property, or suffer some loss or prejudice. Rudd *v.* Hana, etc., 4 B. Mon. 532. And in the case of Graves v. Graves, 7 B. Mon. 213, this court said: " In the present case it is true there was no written agreement by which the brothers and sisters of the plaintiff stipulated with each other to make equal contribution. But there was a *verbal* agreement of the same import, carrying with it a similar obligation, and a similar consideration. By the promise or agreement of the other three, William was induced to give a slave of the value of $318 in execution of his part of the agreement, and even if the mutual promises were not a sufficient consideration for each other, and if the agreement, while unexecuted by any, could not have been enforced by any, yet when one of the parties, in faith of the agreement of all, parts with his property in pursuance of it, and for the common object, an obligation not merely moral, but at least equitable, if not legal, is imposed upon the others to perform their promise."

No objection to the trial in ordinary was made, and if the action should have been an equitable one, the objection was waived,

and the evidence shows that the Turnpike Road Company accepted the terms of the subscription, demanded the money, and was at all times ready to receive it, and that Walker had paid the $1,000 he subscribed.

The facts in this case were fairly submitted to the jury, and they found for appellees. And as we do not perceive any error in the instruction given on motion of appellees, or in refusing the one asked by appellant, and the verdict is sustained by the evidence, a new trial was properly refused.

Wherefore, the judgment is affirmed.